UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CORY SHEPHARD** | : | **CIVIL ACTION NO. 2:15-cv-1923** |
| **DOC # 421341** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JAMES LeBLANC** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by *pro se* plaintiff Cory Shephard ("Shephard"). The petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana.

On December 14, 2015, this court ordered Shephard to amend his petition by providing a set of specified documents within 40 days. Doc 9. On January 20, 2016, this court granted the petitioner's motion for the extension of time to amend his petition. Doc. 11. The order extended the petitioner's time to amend until March 25, 2016. *Id*. He was warned that failure to comply with the court order would result in a dismissal of his case without prejudice. Doc. 9. We have record of no further communications from Shephard and the compliance deadline passed.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 82 S.Ct 1386, 1388–90 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 1388.

Therefore,

**IT IS RECOMMENDED** that Shephard's petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Fed. R. Civ. P. Rule 41(b).

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United States Automobile Ass'n*, **79 F.3d 1415 (5th Cit. 1996).**

THUS DONE this 13th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE